**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| KENNETH TOWNE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:06CV00067 ERW |
| | ) | |
| MARK WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Kenneth and Carolyn Towne for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. Therefore, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiffs seek monetary and injunctive relief in this action against defendant Mark Williams, a prosecuting attorney. Plaintiffs state that they have lodged several complaints with the police regarding their neighbor, Jerry Garrett, and his pit bull dogs. Plaintiffs further state that they received a letter on January 12, 2006, from defendant Williams, stating that he would revoke Mr. Garret's probation if his pit bulls caused plaintiffs any trouble. Plaintiffs allege that they "have [had] nothing but trouble with Jerry Garrett and his dog this year [and that defendant] has done nothing regardless of [their] numerous complaints with the police."

At the outset, the Court notes that plaintiffs have failed to state the jurisdictional grounds for filing this action in federal court. To the extent that plaintiffs are attempting to bring a 42 U.S.C. § 1983 action for the violation of their constitutional rights, the action must fail. Prosecutors are "absolutely immune from liability under section 1983 for their conduct in 'initiating a prosecution and in presenting the State's case' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991)(quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976))(internal citations omitted). Moreover, "a prosecutor's decision whether or not to prosecute is protected by absolute immunity." Roe v. City & County of San Francisco, 109 F.3d 578, 583 (9th Cir. 1997); see also

Steele v. City of Bemidji, 257 F.3d 902, 906 (8th Cir. 2001) (absolute immunity protects

prosecutor from damages based on decision not to prosecute). As such, the instant case will be

dismissed, without prejudice.[1]

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to proceed in forma

pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for appointment of counsel

[Doc. #4] is **DENIED**, as moot.

---

[1]To the extent that plaintiffs are attempting to bring this action under 28 U.S.C. § 1332, subject matter jurisdiction does not exist, given that both plaintiffs and defendant are Missouri residents.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 24th Day of January, 2007.

**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**